HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN A. GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA T. BLIXSETH, individually; the marital community of JESSICA T. BLIXSETH and TIMOTHY L. BLIXSETH; JTB, LLC, a Washington limited liability company; CHERRILL B. FERGUSON, individually; and the marital community of CHERRILL B. FERGUSON and JOHN DOE FERGUSON,<br><br>Defendants. | Case No. 2:14-cv-01576-RAJ<br><br>**ORDER** |

This matter comes before the court upon plaintiff's motion for temporary restraining order issuing prejudgment writ of attachment (Dkt. # 89) and motion for an order to show cause hearing (Dkt. # 95). For the reasons stated below, the motion for temporary restraining order (Dkt. # 89) is GRANTED IN PART AND DENIED IN

ORDER - 1

PART.  The motion for an order to show cause hearing (Dkt. # 95) will be construed as a request for a hearing pursuant to subsection (1) of RCW 6.25.070 and is GRANTED.

Plaintiff seeks a temporary restraining order issuing a prejudgment writ of attachment against real property commonly known as 910 Lenora St., #S506, Seattle, WA 98121, King County tax parcel #022800-0100-04 LC 0010 IOP (Req. Seg.) ("the Property").  Plaintiff has asked the court to: (1) issue an *ex parte* writ of attachment against the Property and (2) to direct defendants to deposit the net proceeds from any sale of the Property into this court's registry, after payment (by the trustee) of any secured mortgages, real property taxes, and the costs of sale, including broker commissions, and recording and trustee fees.  Dkt. # 89-2.  Plaintiff further asks the court to set an order to show cause hearing in accordance with the procedures set forth in RCW 6.25.070 (2), so that the court may determine whether any TRO entered in response to plaintiff's motion should be converted to a preliminary injunction.  Dkt. # 95.

Plaintiff misunderstands the procedures available under Washington's prejudgment writ of attachment statute.  Plaintiff seeks relief pursuant to subsection (2), which allows a party to move for an attachment order without a prior hearing.  RCW 6.25.070 (2).  That subsection, however, has been declared unconstitutional.  *See, e.g.*, *Van Blaricom v. Kronenberg*, 112 Wash. App. 501, 512 (2002).  Although a party may still seek an attachment order without prior notice or a hearing, that procedure is available only if the party has demonstrated exigent circumstances.  *Id.* ("Thus, the court held that RCW 6.25.070, which allows for prejudgment attachment of real property in Washington without prior notice and a hearing, violates the due process clause of the Fourteenth Amendment in the absence of exigent circumstances.").  Here, there does not appear to be any exigency.  Defendants' counsel has represented to the court, under penalty of perjury, that the sale of the condominium at issue will not close until September 31, 2015.  Dkt. # 93, ¶ 2.  Plaintiff has presented no contrary evidence.

ORDER - 2

Thus, there is no reason to issue an attachment order without first allowing defendant the opportunity to present oral testimony and to cross-examine witnesses (*see* Dkt., # 48, p. 6, citing *Rogoski v. Hammond*, 9 Wash App. 500, 508 (1973)). Accordingly, the court will construe plaintiff's motion as a request for a hearing pursuant to subsection (1) of RCW 6.25.070, rather than subsection (2). The court grants the motion and has set the time and place for the hearing below.

With respect to plaintiff's request to restrain defendants from transferring or dissipating the assets of the sale, the court grants the TRO. As the court has already found in previous orders, plaintiff has demonstrated a likelihood of success on the merits, irreparable harm, that the balance of the equities tip in plaintiff's favor and that the public interest is served by such an injunction. (Order) Dkt. # 13. Although defendants claim that Ms. Blixseth's assets are sufficient to satisfy any judgment in this matter (see Dkt. #93), her history of dissipating assets causes the court grave concern. As summarized in previous orders, the court finds it extremely suspicious that Mrs. Blixseth basically emptied her bank account on the exact same day that this suit was filed. (Order) Dkt. # 48, pp. 4-5. Additionally, plaintiff presented evidence showing that Mrs. Blixseth had initiated a series of wire transfers in the days and weeks following the filing of this suit, which reveal that she removed a little more than $1 million from her account. *Id.* Plaintiff has also presented evidence that Mrs. Blixseth transferred $600,000 from her personal account, which she then used as security for a "loan" from American Bank. (Kinsel Decl.) Dkt. # 91, p. 19. It appears that she then drew down that "loan" for personal use. (Kinsel Decl.) Dkt. # 91, pp. 25. 28. Defendants admit that this is an "unfortunate fact." (Response) Dkt. # 94, p. 4. Although Defendants' counsel has represented that the sale of the property will not close until September 31, 2015, neither Mrs. Blixseth nor the trustee for the sale have submitted similar declarations. Accordingly, the court finds that the foregoing facts

demonstrate a history of dissipation of assets and that a restraining order with clear terms is necessary, in the event the sale takes place prior to September 31st.

Based upon the foregoing, the court DENIES the TRO with respect to plaintiff's request for an *ex parte* writ of attachment and GRANTS the TRO with respect to plaintiff's request to restrain defendants from dissipating the assets of the sale.  (Dkt. # 89).  The court GRANTS plaintiff's motion for a hearing pursuant to subsection (1) of RCW 6.25.070.  (Dkt. # 95)  The parties shall appear before this court at 10:00 a.m. on September 3, 2015 and be prepared to address the prejudgment writ of attachment as well as the restraining order.

**TEMPORARY RESTRAINING ORDER**

Effective upon posting of a $500 bond[1] with the clerk of court:

1) Defendants, their agents, brokers, trustees, attorneys, employees and representatives are ordered to deposit the net proceeds from the sale of the subject property, <u>if said transaction should in fact close prior to September 31, 2015</u>, into this court's registry, after payment (by the trustee) of any secured mortgages, real property taxes, and the costs of sale, including broker commissions, and recording and trustee fees.

2) Defendants, their agents, brokers, trustees, attorneys, employees and representatives are restrained from transferring or dissipating those sale proceeds in any manner, other than to account for and deposit the same in this court's registry.

---

[1] *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 733 (9th Cir. 1999) ("The district court is afforded wide discretion in setting the amount of the bond"); *Gorbach v. Reno*, 219 F.3d 1087, 1092 (9th Cir. 2000) (finding that the bond amount may be zero if there is no evidence the party will suffer damages from the injunction).  Although plaintiff asks the court to set the bond at $0, plaintiff has not presented any argument demonstrating that defendants will not suffer any damages from the injunction.  Defendants have also failed to address the bond amount.  Under these circumstances, the court finds that $500 is a reasonable amount.  If defendants believe a greater bond is necessary, they may raise the matter at the September 3rd hearing.

ORDER - 4

3) Defendants are required to produce to plaintiff's counsel within 24 hours of the entry of this order a complete copy of the purchase and sale documents for the pending sale of the described real property, along with disclosures of the identity of the trustee for the sale.

4) This temporary restraining order will remain in effect pending further order of this court.

Dated this 25th day of August, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5