HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN A. GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,

Plaintiff,

v.

JESSICA T. BLIXSETH, individually; the marital community of JESSICA T. BLIXSETH and TIMOTHY L. BLIXSETH; JTB, LLC, a Washington limited liability company; CHERRILL B. FERGUSON, individually; and the marital community of CHERRILL B. FERGUSON and JOHN DOE FERGUSON,

Defendants.

Case No. 2:14-cv-01576-RAJ

**ORDER**

The court held a hearing in this matter on September 4, 2015. The court heard testimony from plaintiff Brian Glasser, defendant Jessica Blixseth, and Tyler Mckenzie, the buyer's agent for the sale of Mrs. Blixseth's condominium located at 910 Lenora St., Seattle, WA 98121 ("the Property"). As stated at the hearing, the court issued a prejudgment writ of attachment against the Property and converted the previously

ORDER - 1

issued temporary restraining order (Dkt. # 99) to a preliminary injunction. This order merely memorializes the court's ruling, which became effective immediately after the hearing.

The court previously held that the plaintiff had established a likelihood of success on the merits of its fraudulent transfer claim. (Orders) Dkt. # 25, pp. 8-11. The main purpose of the hearing was to allow Mrs. Blixseth the opportunity to present evidence and cross-examine witnesses in support of her affirmative defenses. *See* Dkt., # 48, p. 6, citing *Rogoski v. Hammond*, 9 Wash App. 500, 508 (1973).

Although the court considered the entire record as well as the testimony elicited at the hearing in reaching its ruling, the court found Mrs. Blixseth's testimony with respect to her "good faith transferee" defense to be particularly problematic. As the Ninth Circuit explained in *Hayes v. Palm Seedlings*,

> [K]nowledge or actual notice of circumstances sufficient to put him, as a prudent man, upon inquiry as to whether his brother intended to delay or defraud his creditors ... should be ***deemed to have notice*** ... as would invalidate the sale as to him. These pronouncements indicate that courts look to what the transferee ***objectively "knew or should have known"*** in questions of good faith, rather than examining what the transferee ***actually knew*** from a subjective standpoint. Therefore, appellants' reference to the subjective assertions of good faith in the Grant affidavit are of no moment.
>
> At least one court has held that if the circumstances would place a reasonable person on inquiry of a debtor's fraudulent purpose, and a ***diligent*** inquiry would have discovered the fraudulent purpose, then the transfer is fraudulent.

916 F.2d 528 (9th Cir. 1990) (emphasis added) (citations omitted).

Here, it is apparent that Mrs. Blixseth "knew or should have known" that the transfer of Western Air & Water from Desert Ranch LLLP, an entity controlled by her husband, was possibly fraudulent. At minimum, Mrs. Blixseth should have conducted a diligent inquiry to determine whether the transfer had a fraudulent purpose.

ORDER - 2

Mrs. Blixseth admits to being present in the courtroom at a February 2010 trial in which her husband, and entities controlled by him (including Desert Ranch LLLP), were sued for fraudulent transfer. Although she may not have seen a copy of the final judgment in that case, her presence at the trial put her on notice of the claims. Upon such notice, an *objectively* reasonable person would have conducted a diligent inquiry prior to accepting a transfer of membership interests in an entity controlled by her husband and subject to allegations of fraudulent transfer.

Mrs. Blixseth claims that she was deceived and manipulated by her husband. She testified that if she had known then what she knows now, she would not have accepted the transfers. She admitted that she was aware that the trustee in this matter was trying to recover assets from her husband's entities, but she claimed she did not know which ones; she also claimed to have paid hundreds of thousands of dollars in attorney's fees on behalf of some of her husband's entities, but also did not know which ones. Despite this substantial monetary outlay, Mrs. Blixseth stated that she never sought separate legal representation, she "trusted him," and blindly believed him when he told her that "everything was on appeal" and that "all matters would be settled."

Mrs. Blixseth also testified that she trusted her husband when he allegedly advised her to transfer $600,000 out of her personal bank account and into her mother's account on the day this action was filed. Mrs. Blixseth then used the money as collateral for a loan to herself. On its face, this pseudo loan transaction appears to be a violation of this court's injunction (Dkt. # 25) and a blatant attempt to hinder present and future creditors. Mrs. Blixseth claims that once she learned that her conduct could be a violation of this court's orders, she voluntarily agreed to a writ of attachment on her separate property. Dkt. # 79. Although the court acknowledges that Mrs. Blixseth did indeed stipulate to a writ of attachment, the court is extremely troubled by Mrs. Blixseth's willingness to engage in such a transaction to begin with.

Again, what Mrs. Blixseth actually knew is irrelevant. The court focuses only on what an objectively reasonable person knew or should have known and what a diligent inquiry would have revealed. Remaining willfully ignorant of one's own financial affairs is neither objectively reasonable nor an example of diligence. Accordingly, the court finds that Mrs. Blixseth has not met her burden of demonstrating that she was a good faith transferee.[1]

### **Prejudgment Writ of Attachment & Preliminary Injunction**

Effective on September 4, 2015 (as stated at the conclusion of the hearing), the the clerk of the court is authorized and ordered to issue a Prejudgment Writ of Attachment, in the form attached hereto as Exhibit 1, against the real property located at 910 Lenora St., #S506, Seattle, WA 98121, King County tax parcel number #022800-0100-04 LC 0010 IOP (Req. Seg.), as more specifically described below:

> UNIT S506, 2200 RESIDENTIAL, A CONDOMINIUM, ACCORDING TO THE CONDOMINIUM DECLARATION RECORDED UNDER RECORDING NUMBER 20060929000069, AND AMENDMENTS THERETO, IF ANY, AND SURVEY MAP AND PLANS FILED UNDER RECORDING NUMBER 20060929000068 IN VOLUME 223 OF CONDOMINIUMS, PAGE(S) 41 THROUGH 76, SUBJECT TO: EXHIBIT "A" ATTACHED HERETO

Pursuant to RCW Ch. 6.25 et seq., the Prejudgment Writ of Attachment against the real property located at 910 Lenora St., #S506, Seattle, WA 98121, King County tax parcel number #022800-0100-04 LC 0010 IOP (Req. Seg.), shall apply against the interests of Jessica T. Blixseth, a.k.a. Jessica F. Kircher, as her separate property, and against the interests of the marital community of Jessica T. and Timothy L. Blixseth, as their interests may appear.

Defendants, their agents, brokers, trustees, attorneys, employees and representatives are ordered to deposit the net proceeds from the sale of the subject property, if said transaction should in fact close, into this court's registry, after payment

---

[1] This ruling is based upon the evidence presented to the court thus far. Nothing prohibits Mrs. Blixseth from continuing to raise this defense throughout the litigation.

ORDER - 4

1  (by the trustee) of any secured mortgages, real property taxes, and the costs of sale,
2  including broker commissions, and recording and trustee fees.
3      Defendants, their agents, brokers, trustees, attorneys, employees and
4  representatives are restrained from transferring or dissipating those sale proceeds in any
5  manner, other than to account for and deposit the same into this court's registry.
6      Dated this 8th day of September, 2015.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5