HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN A. GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA T. BLIXSETH, individually; the marital community of JESSICA T. BLIXSETH and TIMOTHY L. BLIXSETH; JTB, LLC, a Washington limited liability company; CHERRILL B. FERGUSON, individually; and the marital community of CHERRILL B. FERGUSON and JOHN DOE FERGUSON,<br><br>Defendants. | Case No. 2:14-cv-01576-RAJ<br><br>**ORDER** |

This matter comes before the court on defendant Cherrill B. Ferguson's motion for protective order (Dkt. # 61), plaintiff's motion to amend complaint (Dkt. # 84), defendants' motion to compel attendance of Brian Glasser (Dkt. # 125), and plaintiff's motion to compel production of documents (Dkt. #130). The court held a telephonic hearing to address these motions on October 15, 2015. This order summarizes the

ORDER - 1

court's rulings. As stated at the hearing, the court declines to award sanctions against either party.

## A. <u>Cherrill B. Ferguson's Motion for Protective Order</u>

For the reasons stated on the record, Mrs. Ferguson's motion (Dkt. # 61) is DENIED. The discovery rules are to be liberally construed and absent some showing of "annoyance, embarrassment, oppression, undue burden or expense," parties are allowed to depose any person who may have relevant information. Fed. R. Civ. P. 26(c)(1). Mrs. Ferguson simply has not made that showing and the court finds that she is likely to have relevant information regarding the circumstances surrounding her receipt of the $600,000 at issue and the subsequent transfer of those funds. As such, plaintiff has the right to depose her.

The parties agreed that Mrs. Ferguson's deposition will take place on October 22, 2015 at 1:00 p.m. at Mr. Kinsel's office. The court expects the deposition to go forward on this date, unless the parties reach an alternative agreement. The court will not entertain any additional motions related to the scheduling of this deposition.

## B. <u>Motion to Amend Complaint</u>

Plaintiff seeks to amend the complaint to add a claim against defendants as subsequent transferees of Kawish, LLC. For the reasons stated on the record, that motion (Dkt. # 84) is GRANTED.

Federal Rule of Civil Procedure 15(a) provides that, after an initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Federal policy favors freely allowing amendment so that cases may be decided on their merits. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

The court does not find that the proposed amendment is sought in bad faith, that it would cause undue delay, or that it would prejudice the opposing party. Additionally, the amendment is not futile because it is possible that plaintiff could obtain a money

ORDER - 2

judgment against defendants and then seek to enforce that judgment against their assets. Whether the transfer of Kawish, LLC was indeed a "fraudulent transfer" is an issue to be determined at summary judgment or trial.

Accordingly, plaintiff is directed to file the Third Amended Complaint on or before October 21, 2015.

### C. Motion to Compel Attendance of Brian Glasser

As stated on the record, defendants' motion (Dkt. # 125) is GRANTED. Mr. Glasser shall appear by video conference on November 5, 2015 for his deposition, which cannot exceed ten (10) hours. Defendants shall produce to plaintiff the exhibits to be used at the deposition on or before November 3, 2015.

### D. Motion to Compel Production of Documents

Plaintiff filed this motion seeking a number of documents, including data on a thumb drive and documents pursuant to a subpoena to Patrick Ratte. With respect to the thumb drive sought by plaintiff, defendants shall immediately create a duplicate of that drive. As stated at the hearing, the parties shall meet and confer regarding: (1) a timeline for production of an index or summary of the contents of the drive, and (2) the retention of a third-party consultant who may be able to segregate the data on the drive. The parties also agreed to meet and confer regarding the issues related to Mr. Ratte's subpoena.

Accordingly, this motion (Dkt. # 130) is DENIED WITHOUT PREJUDICE to the re-filing of a similar motion after the parties have met and conferred as stated at the hearing.

Dated this 16th day of October, 2015.

The Honorable Richard A. Jones
United States District Judge